# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1287V
(not to be published)

| | |
|---|---|
| HALIE LANGE,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: October 29, 2021<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs |

*Brittany S. Cates*, Faxon Law Group, Philadelphia, PA, for Petitioner.

*Lara Ann Englund*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On August 27, 2019, Halie Lange filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration resulting from adverse effects of an influenza vaccination she received on January 29, 2018. (Petition at 1). On July 26, 2021, a decision was issued awarding compensation to Petitioner based on Respondent's proffer. (ECF No. 34).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated August 25, 2021 (ECF No. 31), requesting a total award of $13,916.00 (representing $13,485.00 in fees and $431.00 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 34-5). Respondent has not filed anything in response.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

Petitioner requests compensation for attorney Brittany Cates at the rate of $300 per hour for all time billed between 2018 – 2021, and for attorney Joel Faxon at the rate of $600 per hour for work performed in 2018 and 2019. (ECF No. 34-2 at 2-7). Petitioner also requests the paralegal rate of $150 per hour for all time billed. (*Id.*). These rates require adjustment.

Ms. Cates's time has in prior cases been compensated at the same rate as that requested herein, and I find no reason to deviate from it. Mr. Faxon, however, previously has been awarded the lesser rate of $395 per hour for time billed in 2018. *See Drechsler v. Sec'y of Health & Human Servs.,* No. 16-1123V, 2018 WL 6538245 (Fed. Cl. Spec. Mstr. Oct. 31, 2018). I agree with the reasoning of the previous special master for adopting this rate, and therefore similarly reduce Mr. Faxon's rate for work performed in 2018. For the year 2019, I find the rate of $415 per hour to be reasonable and award it herein. Application of these reduced rates results in a reduction of fees to be awarded by **$858.50**.[3]

## ATTORNEY COSTS

Petitioner requests $431.00 in overall costs. (ECF No. 34). This amount is comprised of obtaining medical records and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$13,057.50** (representing $12,626.50 in fees and $431.00 in costs) as a lump sum in the form of a check jointly payable to Petitioner and the Faxon Law Group. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[4]

---

[3] This amount consists of ($600 - $395 = $205 x 1.3 hrs = $266.50) + ($600 - $415 = $185 x 3.2 hrs = $592) = $858.50.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
